DATE FILED
December 22, 2025 6:00 PM
FILING ID: 71ADE459BBC8C
CASE NUMBER: 2025CV30029

| DISTRICT COURT, SAN MIGUEL COUNTY COLORADO | |
|---|---|
| Court Address:   305 W Colorado Ave<br>               Telluride, CO 81435<br>Telephone:     970-369-3310 | |
| **Plaintiffs:**<br>      EMELIE ENGVALL, an individual; and<br>      RYAN MARKEY, an individual<br><br>v.<br><br>**Defendant:**<br>      SCOTT WHEELER, an individual | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiffs:<br>Scardina Law, LLC<br>Todd Scardina, #40333<br>Matthew Bayma, #41464<br>501 S Cherry St. Suite 1100<br>Denver, CO 80246<br>(720) 420-9068<br>todd@scardinalaw.com<br>matt@scardinalaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Emelie Engvall ("**Emelie**") and Ryan Markey ("**Ryan**"), submit the following Complaint and Jury Demand

## **INTRODUCTION**

1. On March 29, 2024, Emelie was skiing down Polar Queen run at Telluride Ski Resort when Defendant Scott Wheeler ("**Defendant**") ran into her from behind. Emelie suffered a grade 5 dislocation of her right shoulder joint as a result of the collision that has required multiple surgeries to repair and continues to negatively impact her and her husband Ryan's lives to this day.

## PARTIES, VENUE AND JURISDICTION

2. Emelie lives in San Miguel County, Colorado, with a primary mailing and residential address of 580 Society Dr., Telluride, CO 81435.
3. Ryan lives in San Miguel County, Colorado, with a primary mailing and residential address of 580 Society Dr., Telluride, CO 81435.
4. Upon information or belief, Defendant has a primary mailing and residential address of 9802 E. Bahia, Scottsdale, AZ 85260.
5. This is a civil action to recover damages for personal injuries and other associated damages. Jurisdiction is proper in District Court, a court of general jurisdiction.
6. The acts and omissions alleged herein occurred in San Miguel County, Colorado. Venue is proper in San Miguel County District Court.

## GENERAL ALLEGATIONS

7. On March 29, 2024, Emelie and the Defendant were skiing at the Telluride Ski Resort.
8. At around 1:00 pm on a clear and sunny day, Emelie and the Defendant were skiing down the Polar Queen run.
9. Polar Queen is a wide-open, groomed, "blue square" intermediate run.
10. The conditions were packed powder.
11. Emelie was skiing downhill of the Defendant.
12. Emelie was in control of her speed and course.
13. Emilie was plainly visible to uphill skiers.
14. Defendant was descending Polar Queen from uphill of Emelie.
15. Defendant attempted to overtake Emelie from above at a high rate of speed.
16. At that time, the Defendant was listening to music on an external speaker.
17. While attempting to overtake Emelie, Defendant collided into her from uphill, behind, and at a high rate of speed.
18. This collision caused Emelie to suffer injuries, damages and losses as described below.
19. The sole and proximate cause of the collision and Emelie's injuries was the negligent manner in which the Defendant was skiing.
20. Emile and Ryan were lawfully married at all times material hereto.

## FIRST CLAIM FOR RELIEF
### (Negligence *Per Se* – C.R.S. 33-44-109(2))

21. All paragraphs above are incorporated herein by reference.
22. The Defendant had the primary duty, as the uphill and overtaking skier, to avoid colliding into Emelie pursuant to C.R.S. 33-44-109(2).
23. Defendant had a duty to maintain control of his speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and/or objects. *Id.*
24. Defendant, as the uphill and overtaking skier, had the primary duty to avoid skiers below. *Id.*
25. The Defendant breached these duties to Emelie by colliding into her at high speed, from above, and uphill.
26. The sole cause of the collision was Defendant's breach of his statutory duties of care.
27. Emelie, a downhill skier, was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent, physical bodily injuries.
28. Emelie suffered injuries and damages as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se* to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Negligence *Per Se* – C.R.S. 33-44-109(5))

29. All paragraphs above are incorporated by reference.
30. The Defendant had a duty to refrain from acting in a manner which causes injury to other skiers pursuant to C.R.S. 33-44-109(5).
31. The Defendant breached this duty to Emelie by colliding into her at high speed, from above, and uphill.
32. The sole cause of the collision was Defendant's breach of his statutory duties of care.
33. Emelie was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent.
34. Emelie suffered injuries and damages as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se*.

## THIRD CLAIM FOR RELIEF
### (Negligence)

35. All paragraphs above are incorporated by reference.
36. The Defendant had a duty to ski in a reasonable and prudent manner.
37. The Defendant failed to meet his legal obligation by colliding into Emelie at high speed, from above, and uphill.
38. The Defendant's breach of his duty caused Emelie to suffer injuries and damages as set forth below as a direct and proximate result of Defendant's negligence.

## FOURTH CLAIM FOR RELIEF
### (Loss of Consortium)

39. All paragraphs above are incorporated by reference.
40. The Defendant was negligent and negligent *per se.*
41. Emelie was injured as a result of the Defendant's negligence.
42. Ryan and Emelie were married at the time of the collision.
43. As a result of such injuries to Emelie, Ryan had a loss of his rights of consortium.

## DAMAGES

44. As a direct and proximate result of the collision, Emelie suffered a right grade 5 dislocation of her acromioclavicular joint that required multiple surgeries to treat, among other injuries.
45. Emelie has incurred and will incur in the future, economic losses, including hospital, and medical expenses, charges for physicians' services and examinations, clinic visits, physical therapy, radiographic studies, injections, travel expenses, psychological treatment and loss of earnings.  These damages were all caused by the injuries Emelie sustained as a direct and proximate result of the Defendant's negligence and negligence *per se*.
46. Emelie has and will sustain additional damages including disability, physical impairment, and disfigurement as a result of her injuries.
47. Emelie has and will continue to sustain pain, suffering, mental and emotional distress, and a loss of enjoyment of life.
48. Ryan has and will continue to suffer loss of consortium damages along with past and present lost wages.
49. Emilie's injuries caused Ryan to lose Emilie's affection, society, companionship, and aid and comfort.

50. Emilie's injuries caused Ryan to lose Emilie's household services.

51. Ryan has provided compensable services to Emilie in connection with her injuries.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiffs request that judgment enter against Defendant as follows:

Damages in the amount which will fully and fairly compensate Emelie and Ryan for their injuries, economic and non-economic damages, impairment and permanent impairment, including but not limited to past and future medical expenses, past and future wage losses, permanent physical impairment, physical and mental pain and suffering, loss of enjoyment of life and other non-economic damages plus interest from the date of the incident, costs, expert witness fees, attorney fees and any such further relief as the court may deem appropriate.

RESPECTFULLY SUBMITTED

*/s/ Matthew Bayma*

Attorney for Plaintiffs

Dated: 12/22/25

Plaintiff's Physical Address:

580 Society Drive

Telluride, CO 81435