IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01954-SBP

EMELIE ENGVALL and RYAN MARKEY

      Plaintiff,

v.

SCOTT WHEELER

      Defendant.

---

## ANSWER TO COMPLAINT AND JURY DEMAND

---

Defendant, SCOTT WHEELER, by undersigned counsel, Luke J. Volker of Dagner | Schluter | Werber, LLC, submits the following Answer to Plaintiffs' Complaint and Jury Demand:

### INTRODUCTION

1. Defendant denies paragraph 1.

### PARTIES, JURISDICTIONS, AND VENUE

2. Defendant is without information sufficient to form a belief as to the truth of paragraphs 2 and 3, and therefore denies them.

3. Defendant admits paragraph 4.

4. Defendant denies paragraphs 5 and 6. Jurisdiction and venue are proper in the U.S. District Court for the District of Colorado.

### GENERAL ALLEGATIONS

5. Defendant denies paragraphs 7 and 8.

6.      Defendant is without information sufficient to form a belief as to the truth of paragraphs 9 and 10, and therefore denies them.

7.      Defendant denies paragraphs 11 and 12.

8.      Upon information and belief, Defendant admits paragraph 13.

9.      Defendant is without information sufficient to form a belief as to the truth of paragraph 14 and therefore denies it.

10.     Defendant denies paragraphs 15, 16, and 17.

11.     Defendant is without information sufficient to form a belief as to the truth of paragraph 18 and therefore denies it.

12.     Defendant denies paragraph 19.

13.     Defendant is without information sufficient to form a belief as to the truth of paragraph 20 and therefore denies it.

**FIRST CLAIM FOR RELIEF**
(Negligence *Per SE* – C.R.S. 33-44-109(2))

14.     In response to paragraph 21, Defendant incorporates by reference his responses to paragraphs 1 through 13 above.

15.     Defendant denies paragraph 22.

16.     Paragraph 23 states, or purports to state, legal conclusions requiring no factual response. Defendant denies paragraph 23 to the extent it is inconsistent with the law.

17.     Defendant denies paragraphs 24, 25, and 26.

18.     Paragraph 27 states, or purports to state, legal conclusions requiring no factual response. Defendant denies paragraph 27 to the extent it is inconsistent with the law.

19.     Defendant denies paragraph 28.

## SECOND CLAIM FOR RELIEF
### (Negligence *Per Se* – C.R.S. 33-44-109(5))

20.    In response to paragraph 29, Defendant incorporates by reference his responses to paragraphs 1 through 19 above.

21.    Paragraph 30 states, or purports to state, legal conclusions requiring no factual response. Defendant denies paragraph 30 to the extent it is inconsistent with the law.

22.    Defendant denies paragraphs 31 and 32.

23.    Paragraph 33 states, or purports to state, legal conclusions requiring no factual response. Defendant denies paragraph 33 to the extent it is inconsistent with the law.

24.    Defendant denies paragraph 34.

## THIRD CLAIM FOR RELIEF
### (Negligence *Per Se* – C.R.S. 33-44-109(5))

25.    In response to paragraph 35, Defendant incorporates by reference his responses to paragraphs 1 through 24 above.

26.    Paragraph 36 states, or purports to state, legal conclusions requiring no factual response. Defendant denies paragraph 36 to the extent it is inconsistent with the law.

27.    Defendant denies paragraphs 37 and 38.

## FORTH CLAIM FOR RELIEF
### (Loss of Consortium)

28.    In response to paragraph 39, Defendant incorporates by reference his responses to paragraphs 1 through 27 above.

29.    Defendant denies paragraphs 40 and 41.

30.    Defendant is without information sufficient to form a belief as to the truth of paragraph 42 and therefore denies it.

3

31.     Defendant denies paragraph 43.

## DAMAGES

32.     Defendant is without information sufficient to form a belief as to the truth of paragraph 44 and therefore denies it.

33.     Defendant denies paragraph 45.

34.     Defendant is without information sufficient to form a belief as to the truth of paragraphs 46 and 47, and therefore denies them.

35.     Defendant denies paragraph 48.

36.     Defendant is without information sufficient to form a belief as to the truth of paragraphs 49, 50, and 51, and therefore denies them.

## GENERAL DENIAL

37.     Defendant denies each and every allegation in Plaintiffs' Complaint and Jury Demand not specifically and expressly admitted herein.

38.     Defendant denies that Plaintiffs are entitled to any relief against him, including, but not limited to, the relief itemized in Plaintiffs' Prayer for Relief.

## DEFENSES

Defendant may ask the Court to allow him to amend this Answer if discovery reveals a factual basis for additional affirmative defenses.

1.     To the extent Defendant is determined to be at fault concerning the happening of the incident and/or injuries and damages alleged by Plaintiff, which he expressly denies, Defendant shall not be held liable for any greater amount of damages than is represented by his degree or percentage of causal fault, which determination shall be made in accordance with C.R.S. § 13-21-

1115.5 (2018), which would also include a determination of any potential fault or comparative negligence on the part of Plaintiff Engvall (whose negligence is also applied to Plaintiff Markey) and any non-parties to this action.

2.      Plaintiff Engvall's own negligence or fault caused or contributed to the cause of the accident because of the way she was skiing, including failing to look for other skiers when starting from a stopped position, failing to maintain a proper lookout, failing to maintain a safe speed, and failing to avoid other skiers, including striking Defendant from behind, at the time of the accident.

3.      Plaintiffs' damages, if any, were proximately caused by Plaintiff Engvall's own voluntary or unreasonable assumption of the risk during the incident, in the way that she was not skiing as a reasonable person would at the time of the accident. This includes, but is not limited to, failing to look for other skiers when starting from a stopped position, failing to maintain a proper lookout, failing to maintain a safe speed, and failing to avoid other skiers, which conduct is sufficient to bar recovery or proportionately to diminish it, pursuant to § 13-21-111.7, C.R.S.

4.      Some or all of Plaintiffs' alleged injuries and damages, if any, may be preexisting, unrelated, not caused by, and/or not aggravated by the accident that is the subject of this lawsuit, or any act or omission of Defendant, and therefore are not compensable in this lawsuit, or may be the result of prior, intervening, superseding, or subsequently occurring causes or events for which Defendant is not responsible.

5.      Plaintiffs may have failed to mitigate their alleged injuries, damages and losses.

5

## PRAYER FOR RELIEF

Defendant, having fully answered Plaintiffs' Complaint and Jury Demand, requests that judgment be entered on his behalf against Plaintiffs, that Defendant be awarded the costs incurred in the defense of this suit, and such other relief as may be proper.

## DEFENDANT DEMANDS TRIAL BY A JURY OF SIX

Respectfully submitted,

By /s/ *Luke J. Volker*
    Luke J. Volker
    DAGNER | SCHLUTER | WERBER LLC
    5105 DTC Parkway, Suite 245
    Telephone: (303) 221-4661
    Fax: (303) 221-4594
    E-mail: lvolker@lawincolorado.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 13, 2026, I electronically filed the foregoing **ANSWER TO COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

*Counsel for Plaintiff*
Scardina Law, LLC
Todd Scardina, #40333
501 S Cherry St., Suite 1100
Denver, CO 80246
*todd@scardinalaw.com*

s/Karen Smith
Paralegal

6