IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01954-SKC-SBP

EMELIE ENGVALL and RYAN MARKEY,

     Plaintiffs,

v.

SCOTT WHEELER,

     Defendant.

---

## SCHEDULING ORDER

---

### 1.  DATE OF SCHEDULING CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling conference is set for July 14, 2026,at 3:30 pm.

Plaintiffs Emelie Engvall and Ryan Markey are represented by Todd Scardina and Matthew Bayma of Scardina Law, LLC , 501 S. Cherry Street, Suite, 1100, Denver, Colorado 80246,720-420-9068.

Defendant Scott Wheeler is represented by Luke Volker of Dagner,Schulter, Werber, LLC, 5105 DTC Parkway, Suite 245, Greenwood Village, CO 80111, 303-221-4661.

### 2.  STATEMENT OF JURISDICTION

Jurisdiction is based on diversity under 28 U.S.C. 1332.  The Plaintiffs both live in Colorado and the Defendant has represented that he lives in Arizona.  The Plaintiffs have no reason to deny jurisdiction at this time.

1

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiff

On March 29, 2024, Emelie Engvall ("Emelie") was skiing down Polar Queen run at Telluride Ski Resort when Defendant Schott Wheeler ("Defendant") ran into her from behind. Emelie suffered a grade 5 dislocation of her right shoulder as a result of the collision that has required multiple surgeries to repair and continues to negatively impact her and her husband Ryan Markey's ("Ryan's") lives to this day.

Emelie makes three claims for relief: negligence *per se* pursuant to C.R.S. 33-44-109(2) (violation of the Colorado Ski Safety Act – downhill skiers have the right of way); negligence *per se* pursuant to C.R.S. 33-44-109(5) (violation of the Colorado Ski Safety Act – duty to refrain from acting in a manner which causes injury), and; negligence.

Ryan makes a single loss of consortium claim for relief.

#### b. Defendant

Defendant disputes liability, causation and the nature and extent of Plaintiffs' claimed injuries, damages and losses. His stated defenses include a liability dispute about how the accident occurred and who was the at-fault skier. Defendant disputes Plaintiff Engvall's version of events. Plaintiff Engvall's negligence and/or assumption of risk was the proximate cause, which proportionally reduces any damages awarded to Plaintiffs. Further, Plaintiffs may have failed to mitigate their damages.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.    Emelie was skiing at Telluride Ski Resort on March 29, 2024.

2.      Defendant was snowboarding at Telluride Ski Resort on March 29, 2024.

3.      Emelie was taken off the ski area in a ski patrol sled.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Past and future medical damages              $198,832.71

These damages are based on the medical bills that Emelie has incurred and will incur.

Past lost wages                              $47,258

Emelie was not able to work for some time after the incident, she needed time off after each of her three surgeries, and she was not able to return to full time work while she recovered from the injury and the surgeries.

Past and future impairment                   $556,000

Emelie's still does not have full use of her right shoulder.

Disfigurement                                $100,000

Emelie has multiple scars on her right shoulder because of the surgeries.

Pain and suffering                           $1,500,000

These damages are based on the high-impact trauma Emelie suffered, the painful and limiting year and a half medical course that followed, and the permanent effects from the crash.

Punitive                                     $500,000

These damages are based on the Defendant's reckless skiing.

Loss of consortium                           $305,419.83

3

These damages are based Emelie's inability to parent the family's two young children and the physical and emotional toll that Ryan experienced as a result of the crash.

Total                                                          $3,207,510.54

**b. Defendant**

Defendant does not seek damages. If he prevails at trial or in a dispositive motion, he will seek recovery of costs.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on June 18, 2026.

**b.  Names of each participant and party he/she represented.**

Matt Bayma, representing Emelie Engvall and Ryan Markey.

Luke Volker, representing Scott Wheeler.

**c.  Statement of when Rule 26(a)(1) disclosures were made or will be made.**

 July 9, 2026

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties do not propose any changes to the required Rule 26(a)(1) disclosures.

**e. Statement concerning any agreements to conduct informal discovery.**

The parties have not made any agreements to conduct informal discovery. However, the parties agree to work together throughout the discovery process to minimize the costs of discovery

**f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have agreed on the following to aid the discovery process:

1.  A unified system for numbering exhibits in the case.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that their claims or defenses will involve extensive electronic stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed the possibilities for prompt settlement of the case. While the parties agree to work toward resolution of this matter, they believe discovery is first necessary before fruitful settlement discussions can occur.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree to the presumptive number of depositions and interrogatories.

Each side shall be limited to **10** depositions, excluding retained experts.  Each side shall be limited to **25** interrogatories, including discrete subparts.

5

**b.  Limitations which any party proposes on the length of depositions.**

The parties agree that depositions be limited to 6 hours of actual deposition time and that depositions begin at or after 9:00 am (local time for deponent) and end before 5:00 pm (local for deponent).

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to the presumptive number of requests for production and/or requests for admission.  Each side shall be limited **25** requests for production, and **25** requests for admission.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

~~30 days before discovery cut-off.~~ February 19, 2027

**e.  Other Planning or Discovery Orders**

F.R.C.P. 35 Examinations: Defendant may request one or more examinations of Plaintiff Engvall pursuant to F.R.C.P. 35 for each area of injury claimed by her that is traditionally addressed by separate medical specialties.  If the F.R.C.P. 35 examination is going to take place outside of San Miguel County, the defendant will be responsible for transportation to and from the examination locations.  The parties will discuss any other conditions on a Rule 35 examination, such as providing forms in advance of the exam and any requests to audio or visual-record the examination if and when the examiner is selected. If no agreement can be reached, the parties will follow the Court's discovery dispute protocol.

In the event that a discovery dispute arises and cannot be resolved through conferral, the parties shall notify Chambers by submitting Joint Discovery Dispute statement ("JDS") via email to Prose_Chambers@cod.uscourts.gov.  The JDS must describe the parties' conferral efforts, including the names of the attorneys who participated in the discovery conferral and the date the conferences were held.  The JDS shall be no more than ten (10) pages and be accompanied by a discovery dispute chart in the form available on Judge Prose's website.  Where supporting documentation is necessary, the parties shall attach only the necessary portions of the discovery and/or conferral history at issue.

Additional guidance regarding Judge Prose's informal dispute resolution procedures may be found on the court's website.

## 9.  CASE PLAN AND SCHEDULE

a.  **Deadline for Joinder of Parties and Amendment of Pleadings:**

October 2, 2026.

b.   **Discovery Cutoff:**

March 2, 2027 (5 months post-amendment deadline)

c.  **Dispositive Motion Deadline:**

~~March 23, 2027~~  **No later than 10 days after the close of discovery**, a party intending to file a motion for summary judgment must meaningfully confer with the opposing party and jointly contact chambers by email to set a pre-motion status conference with the Court.

d.  **Deadline for Motions Pursuant to Fed. R. Evid. 702:**  The deadline for filing these motions is the same as the date set for the Final Pretrial Conference, which will be set by Judge Crews' upon disposition of any dispositive motions filed.

7

e. **Expert Witness Disclosure:**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs intend to retain ski patrol and all of Plaintiff's treating providers as expert witnesses, including:

- Daniel Hehir, MD – Telluride Emergency Department (emergency department physician)

- Gloria Beim, MD – Gunnison Valley Orthopedics (orthopedic surgeon)

- Emely McGough – Telluride Medical Center (primary care provider)

- Derek Touhy – Balanced Physical Therapy (physical therapist)

- William Faragher, MD – Southwest Spine Services (pain management)

- Joseph Ruzbarsky, MD – Steadman Clinic (orthopedic surgeon)

- Michael Hehmann, MD – Clinical Neurologist

- Peter Millett, MD – Steadman Clinic (orthopedic surgeon)

- Isabella Geyer, PsyD – Ouray Counseling (clinical psychologist)

- Ski safety expert

- Life care planner

Defendant anticipates fields of expert testimony that include, but are not limited to, Plaintiff Engvall's alleged injuries and medical treatment, physical limitations, physical impairment, disfigurement, cost and length of future treatment, vocational and wage loss analysis, skier standard of care, liability, and/or accident reconstruction, and any category of rebuttal witness. More specifically, this may include experts in the

8

fields of skiing/accident reconstruction, orthopedics, pain management, and wage loss expert.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Plaintiffs propose that they be permitted to endorse all of Emelie's treating providers as experts. A preliminary list is above. Records are still being reviewed, so those are subject to change. Emelie additionally proposes that the Plaintiffs be permitted to endorse a ski safety expert, a life care planner, an MD concerning Emelie's future medical needs and any expert necessary for rebuttal.

Defendant proposes a limitation of 4 retained experts plus rebuttal.

Each side shall be limited to **5** retained expert witnesses, excluding rebuttal experts, absent leave of court.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

**January 15, 2027**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

February 19, 2027.

**e. Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Plaintiff Engvall | 4-6 hours |
| Plaintiff Markey | 4 hours |
| Defendant | 4 hours |
| Defendant's wife Rose Marie Wheeler | 4 hours |

| | |
|---|---|
| Ski Patroller Raven Cashen | 3 hours |
| Ski Patroller B. Hraborky | 3 hours |

## 10.  DATES FOR FURTHER CONFERENCES

**a.  Status conferences will be held at the following dates and times:**

~~_____, 20__ at __ o'clock ____m.~~  None at this time. Future status conferences may be set at the request of the parties or the Court.

**b.  A final pretrial conference will be held at the following date and time:**

~~_____, 20__ at __ o'clock ____m.~~

~~A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.~~  If no party seeks to file a motion for summary judgment, Counsel shall jointly contact Judge Crews' chambers to obtain dates for a final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None

**b.  Anticipated length of trial and whether trial is to the court or jury.**

5 days

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

*None*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 14th day of July, 2026.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

APPROVED AS SUBMITTED ON July 16, 2026:

/s/ Matthew Bayma
Matthew Bayma
Scadina Law, LLC
501 South Cherry St. Suite 1100
720-420-9068
matt@scardinalaw.com
**Attorney for Plaintiff**

Luke J. Volker, Esq.
Dagner | Schluter | Werber, LLC
5105 DTC Parkway, Suite 245
Greenwood Village, CO 80111
Phone: (303) 221-4661
ddagner@lawincolorado.com
lvolker@lawincolorado.com
**Attorneys for Defendant**

*revised 11/2024*